IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMIE ARIAS-MALDONADO,

        Plaintiff,                        No. CIV S-07-2506 MCE EFB P

        vs.

SUPERIOR COURT OF
SACRAMENTO, et al.,

        Defendants.              <u>ORDER AND</u>
                                            <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding in pro per in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency[1] having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

---

[1] Plaintiff originally was confined at California State Prison in Solano. However, he has been transferred to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi.

1

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant.

Plaintiff purports to sue the Sacramento County Superior Court and the clerk of that court. He also purports to sue Justice Arthur G. Scotland of the California Court of Appeal, Third Appellate District and Judge Roland L. Candee of the Sacramento County Superior Court. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Neither states nor their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Superior Court is an entity of the state and plaintiff's claim against it is barred. Those claims must be dismissed without leave to amend.

Neither can plaintiff proceed against the named judges. He faults the judges for their handling of an action that he brought against an attorney and the State Bar of California. Compl., at 5. He complains of having to pay court fees and of adverse rulings. Compl., at 5A-5B. These judges are absolutely immune from these claims, which very plainly arise from their judicial acts. *Pierson v. Ray*, 386 547, 553-54 (1967); *Mullis v. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987). Judicial immunity applies in suits filed under 42 U.S.C. § 1983. *Pierson*, 386 U.S. at 554-555. The protection exists to ensure that judges remain free to act upon their convictions. The immunity attaches to all judicial acts, malicious or otherwise, regardless of how erroneous the act may have been and how injurious the consequences may be. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). The defendants' decisions about the imposition of fees and their rulings in the case clearly were judicial acts. It does not matter whether they were erroneous. Judicial immunity bars the claim. Thus, plaintiff's claims against the judges must be dismissed.

Turning to plaintiff's claims against the court clerk, the outcome is no different. Plaintiff alleges that the court clerk delayed in responding to a status inquiry, failed to acknowledge the

1  status inquiry and failed to notify plaintiff of the procedures utilized to appeal a decision of the
2  court.  Compl., 5B-5C.  Court clerks have quasi-judicial immunity, which is an absolute
3  immunity from suits for damages or injunctive relief "when they perform tasks that are an
4  integral part of the judicial process."  *Mullis*, 828 F.2d at1390.  This immunity applies even
5  where the clerk's actions are taken in bad faith, out of personal interest or malevolence, or result
6  in "grave procedural errors."  *Mullis*, 828 F.2d at 1390; *McCarthy v. Mayo*, 827 F.2d 1310, 1315
7  (9th Cir. 1987).  The act of responding to status inquiries ordinarily is the responsibility of a
8  court's clerk.  While it is not clear whether California's courts routinely issue information about
9  how to appeal a case, it simply does not matter.  In deciding whether to provide information
10  about court procedures, a court clerk performs an act that clearly is a part of the judicial process.
11  *See Mullis*, 828 F.2d at 1390 (bankruptcy court clerk immune from suit for failing to provide
12  counseling and advice which allegedly was required by law).  Plaintiff cannot maintain this
13  action against the clerk of the court.  Claims against the Clerk of the Sacramento County
14  Superior Court must be dismissed.

15  Plaintiff also claims that he was denied access to the courts.  He alleges that inadequacies
16  in the prison law library made it impossible for him to comply with court rules, resulting in the
17  dismissal of the action against his attorney and the State Bar of California.  To state a claim he
18  was denied access to the courts, plaintiff must allege that he was denied necessary assistance in
19  preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful
20  access to an adequate law library or assistance from persons trained in the law, and that the
21  deprivation actually injured his habeas or section 1983 litigation efforts.  *Lewis v. Casey*, 518
22  U.S. 343, 351, 354, 356 (1996).  Among other flaws in this claim, he does not allege who caused
23  the denial of which he complaints.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a
24  person subjects another to the deprivation of a constitutional right if he does an act, participates
25  in another's act or omits to perform an act he is legally required to do that causes the alleged
26  deprivation).  He also asserts that the action he attempted to pursue was a claim that an attorney

committed fraud and breach of contract. Compl., at 5. Further, he named the State Bar of California as a party to the action, claiming it violated state law by failing to investigate allegations of misconduct against the attorney that plaintiff was suing. Compl., at 5, 5A. However, nothing in the complaint suggests that his claims were related to the conditions of his confinement. It does not appear that plaintiff was seeking a writ of habeas corpus. Plaintiff's right of access to the courts does not sweep in the right to utilize resources provided by prison officials to litigate his contract and fraud claims against an attorney. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996) (prisoner's right of access to courts extends to claims related to conditions of confinement and the fact or duration of imprisonment). Thus, this claim must be dismissed as well.

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the Mississippi Department of Corrections filed concurrently herewith.

Further, it is RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: September 24, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE